```
                                            ___ FILED      ___ ENTERED
                                            ___ LODGED     ___ RECEIVED

                                               OCT 02 2007    LK

                                                AT SEATTLE
                                         CLERK U.S. DISTRICT COURT
                                         WESTERN DISTRICT OF WASHINGTON
                                                                DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

VANESSA SIMMONDS,

        Plaintiff,

    v.

CREDIT SUISSE GROUP, a global bank headquartered in Zurich, Switzerland, formerly known as CREDIT SUISSE FIRST BOSTON CORPORATION,

JPMORGAN CHASE & CO., a Delaware corporation, successor in interest to HAMBRECHT & QUIST and CHASE SECURITIES, INC.,

BANK OF AMERICA CORPORATION, a Delaware corporation, successor in interest to FLEETBOSTON ROBERTSON STEPHENS, INC.,

        Defendants,

    and

ONVIA, INC., formerly known as ONVIA.COM, INC., a Delaware Corporation,

        Nominal Defendant.

NO. C07-1549 JLR

COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER SECTION 16(b) OF THE SECURITIES EXCHANGE ACT OF 1934

JURY DEMAND



07-CV-01549-CMP

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 1

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## I. IDENTIFICATION OF PARTIES

1. ***Plaintiff Simmonds.*** Plaintiff Vanessa Simmonds is a resident of King County, Washington. She is a shareholder of Onvia, Inc.

2. ***Defendant Credit Suisse.*** Defendant Credit Suisse Group ("Credit Suisse") is a global bank headquartered in Zurich, Switzerland. The conduct of Credit Suisse as alleged herein was performed by Credit Suisse under its former name, Credit Suisse First Boston. Credit Suisse transacts business in the Western District of Washington.

3. ***Defendant JPMorgan Chase & Co.*** Defendant JPMorgan Chase & Co. ("JPMorgan") is a Delaware corporation headquartered in New York, New York. JPMorgan is successor in interest to Hambrecht & Quist and Chase Securities, Inc. ("Chase H&Q"), and transacts business in the Western District of Washington.

4. ***Bank of America Corporation.*** Bank of America Corporation ("Bank of America") is a Delaware corporation headquartered in Charlotte, North Carolina. Bank of America is successor in interest to FleetBoston Robertson Stephens, Inc. ("FBRS"), and transacts business in the Western District of Washington.

5. ***Nominal Defendant.*** Nominal defendant Onvia, Inc, formerly known as Onvia.com, Inc., (collectively "Onvia"), is a Delaware corporation headquartered in Seattle, Washington, and is the issuer in this action brought under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) ("Section 16(b)").

## II. JURISDICTION AND VENUE

6. ***Jurisdiction.*** Jurisdiction in this Court arises under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 2

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

7. **Venue.** Venue is proper in this Court under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, because, *inter alia,* defendants Credit Suisse, JPMorgan and Bank of America transact business in this district.

### III. STATUTORY DEMAND AND VESTING OF SECTION 16(b) CLAIMS

8. **Statutory Demand.** By letter dated July 31, 2007, which was faxed and mailed to the Onvia board of directors on that date, Ms. Simmonds made a 60-day demand on Onvia pursuant to Section 16(b).

9. **Failure to Comply with Demand.** More than 60 days have elapsed, and Onvia has failed to comply with Ms. Simmonds' Section 16(b) demand.

10. **Vesting of Claims in Plaintiff.** As a result of Onvia's failure to comply with Ms. Simmonds' demand, all rights to maintain this action have vested fully in Ms. Simmonds pursuant to Section 16(b). Onvia is named herein only as a nominal party.

### IV. FACTUAL ALLEGATIONS

11. **Lead Underwriters on Onvia IPO.** Prior to December 21, 1999, the date on which Onvia's initial preliminary prospectus was filed with the Securities and Exchange Commission ("SEC"), Onvia retained Credit Suisse, Hambrecht & Quist and FBRS to serve as lead underwriters on the Initial Public Offering ("IPO") of Onvia common stock. Onvia filed its final prospectus with the SEC on March 1, 2000, and identified Credit Suisse, Chase H&Q and FBRS as lead underwriters on its IPO.

12. **Lock-Up Agreements.** As a condition of the underwriting, Onvia's directors and officers, as well as other stock and option holders, as identified in the IPO prospectus, entered into "lock-up agreements" with Credit Suisse and the other IPO underwriters. The lock-up

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 3

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

agreements were for the specific purpose of collectively holding - and refraining from selling - shares of Onvia stock, and furthered the overall common objective described below. These lock-up agreements provided that Onvia's directors, officers and other security holders would not offer, sell, contract to sell, grant any option to purchase or otherwise dispose of Onvia common stock or derivative securities for a period of 180 days after the date of the prospectus without the prior written consent of Credit Suisse, the representative of the underwriters. As a result, Credit Suisse, for itself and as representative of the other IPO underwriters, directly or indirectly shared control over the disposition of more than 50 million shares of Onvia common stock at the time of the Onvia IPO.

13. ***Creating Opportunity to Profit from "Hot" Onvia IPO.*** Based on their assessment of Onvia as a potentially "hot" IPO – *i.e.*, one in which there likely would be substantial investor demand for shares of Onvia stock in both the IPO allocation and aftermarket – Credit Suisse, Chase H&Q and FBRS created the opportunity for themselves, directly and indirectly, to profit or share in any profits derived from transactions in Onvia stock.

14. ***Lack of Good Faith in IPO Underwriting Activities.***

(a) ***Scheme to Share in Customer Profits.*** Credit Suisse, Chase H&Q and FBRS, directly and indirectly, through contracts, arrangements, understandings, relationships or otherwise, created the opportunity for themselves, directly and indirectly, to profit or share in any profits derived from the transactions of their customers in Onvia stock. This conduct violated NASD Conduct Rule 2330(f), which prohibited Credit Suisse, Chase H&Q and FBRS from sharing, directly or indirectly, in the profits or losses of their customers. Based on this

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 4

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

violation, Credit Suisse, Chase H&Q and FBRS lacked good faith in connection with their IPO underwriting and distribution activities involving Onvia stock.

(b) ***Laddering Activities.*** Credit Suisse, Chase H&Q and FBRS, in conjunction with the other IPO underwriters and with the objective of inflating the aftermarket price of Onvia stock, secretly required customers, in return for allocations of Onvia IPO shares, to purchase additional shares of Onvia stock in the aftermarket at progressively higher prices. This practice is referred to as "laddering," and violates Rule 101 of Regulation M under the Securities Exchange Act of 1934. Based on this violation, Credit Suisse, Chase H&Q, FBRS and the other IPO underwriters lacked good faith in connection with their IPO underwriting and distribution activities involving Onvia stock.

15. ***Common Objective to Inflate Aftermarket Price of Onvia Stock.*** Credit Suisse, Chase H&Q, FBRS and Onvia officers, directors and principal shareholders coordinated their efforts towards inflating the aftermarket price of Onvia stock to a level sufficiently above the IPO price to enable them to reap substantial profits from the sale of Onvia stock.

16. ***Furtherance of Common Objective.*** In furtherance of this common objective, Onvia officers, directors and principal shareholders agreed to, or acquiesced in, the pricing of Onvia's IPO shares at a small fraction of what they knew to be the likely aftermarket price range of Onvia stock based on clear indications of IPO and aftermarket demand. They did so with the expectation of deriving personal financial benefits, after the expiration of the lock-up agreements, from the sale of their Onvia stock into a market inflated through the activities of Credit Suisse, Chase H&Q, FBRS and other IPO underwriters. For their part, Credit Suisse, Chase H&Q and FBRS engaged in laddering and improper research-related activities that were

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

designed to inflate the market price of Onvia stock. They did so with the expectation of creating the opportunity to profit or share in any profits derived from transactions in Onvia stock.

17.   **IPO Shares Priced at $21, Trade in Aftermarket at $65.**  The 9.2 million shares of Onvia stock sold in connection with its IPO raised $179.7 million for Onvia – less than one-third of what buyers paid for Onvia shares in the immediate aftermarket.

18.   **10% Group Status.**  Credit Suisse, Chase H&Q, FBRS, the other IPO underwriters, and the Onvia officers, directors and principal shareholders beneficially owned Onvia stock while they pursued a common objective that involved acquiring, holding or disposing of Onvia stock, and thereby constituted a group (the "Group") pursuant to Section13(d) of the Exchange Act of 1934 and Rule 13d-5 promulgated thereunder. Collectively, the Group beneficially owned in excess of 10 percent of Onvia's outstanding common stock from the Group's inception prior to March 1, 2000, through at least February 28, 2001 (the "Relevant Period"). As a result, Credit Suisse, Chase H&Q, FBRS and the other members of the Group were subject to the reporting requirements of Section 16(a) and the short-swing trading prohibition of Section 16(b) throughout the Relevant Period.

19.   **Transactions in Onvia Stock.**  Throughout the Relevant Period and within periods of less than six months, Credit Suisse, Chase H&Q and FBRS profited from purchases and sales, or sales and purchases, of Onvia stock of which they were beneficial owners for purposes of Section 16(b) (the "Transactions"). Credit Suisse, Chase H&Q and FBRS directly or indirectly had or shared a direct or indirect pecuniary interest in Onvia stock in various ways, including, but not limited to, the following: (i) by sharing in the profits of customers to whom they made IPO allocations of Onvia stock; (ii) by allocating shares of Onvia stock to executives

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 6

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

and other high-level insiders of other companies, both private and public, from which Credit Suisse, Chase H&Q and FBRS expected to receive new or additional investment banking business in return (a practice referred to as "spinning"); and (iii) by creating the opportunity for other members of the Group to derive personal financial benefits from the sale of Onvia stock into an inflated market, in an effort by Credit Suisse, Chase H&Q and FBRS to obtain future investment banking business from Onvia.

20.  **Failure to Comply with Section 16(a) Reporting Requirements.**  Credit Suisse, Chase H&Q and FBRS failed to report the Transactions as required under of Section 16(a) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78p(a), thereby tolling the two-year statute of limitations set forth in Section 16(b). Because Credit Suisse, Chase H&Q and FBRS failed to report these Transactions as required by Section 16(a), the precise dates of prohibited Transactions made by them, any member of the Group, or others, of Onvia stock beneficially owned by Credit Suisse, Chase H&Q and/or FBRS, are unknown to Ms. Simmonds at this time.

### V.  CAUSE OF ACTION

**Short-Swing Profits Generated In Violation of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).**

21.  **Incorporation.**  The allegations in the preceding paragraphs are incorporated as if fully set forth herein.

22.  **Short-Swing Trades.**  Credit Suisse, Chase H&Q and FBRS profited from the Transactions in Onvia stock by engaging in such Transactions within periods of less than six month during the Relevant Period. Credit Suisse, Chase H&Q and FBRS thereby violated Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b).

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 7

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

23.     **Remedy.**  Credit Suisse, JPMorgan, as successor in interest to Chase H&Q, and Bank of America, as successor in interest to FBRS, must disgorge all profits, with interest, from their respective short-swing Transactions in Onvia stock, in amounts to be proven at trial.

## VI.     RELIEF REQUESTED

Plaintiff respectfully requests the following relief:

(a)     Judgment against Credit Suisse, JPMorgan and Bank of America for all profits from the Transactions prohibited by Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78p(b), in amounts to be proven at trial;

(b)     An award of pre-judgment and post-judgment interest on all amounts awarded or restitution or disgorgement ordered;

(c)     An award of costs and attorneys' fees against Credit Suisse, JPMorgan and Bank of America; and

(d)     Such other and further relief that this Court deems just and equitable.

DATED this 2nd day of October, 2007.

**GORDON TILDEN THOMAS & CORDELL** LLP

By _____
Jeffrey I. Tilden, WSBA #12219
Jeffrey M. Thomas, WSBA #21175
Mark A. Wilner, WSBA #31550

**KELLER ROHRBACK L.L.P.**

By _____
William C. Smart, WSBA #8192
Ian S. Birk, WSBA #31431
Attorneys for Plaintiff

COMPLAINT FOR RECOVERY OF
SHORT-SWING PROFITS UNDER § 16(b) – 8

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292